UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| In re:<br><br>THE INDUSTRIAL AUTHORITY OF MAYFIELD-GRAVES COUNTY<br><br>Debtor | Case No. 23-50409-acs<br><br>Chapter 11 |

**ORDER CONFIRMING AMENDED PLAN OF REORGANIZATION**

\* \* \*   \* \* \*   \* \* \*

Upon consideration of:

    a.    the *Amended Chapter 11 Plan* [Doc. 264] as modified by the *Agreed Order Modifying Debtor's Amended Plan of Reorganization* [Doc. 334] (the "Plan"), proposed by The Industrial Authority of Mayfield-Graves County (the "Debtor");

    b.    the *Order Approving Amended Disclosure Statement, Setting Deadlines for Objections to Confirmation and Ballots* [Doc. 265];

    c.    the *Certificate of Service* filed on behalf of the Debtor [Doc. 275];

    d.    the *Amended Tabulation of Ballots* [Doc. 335];

    e.    all oral representations, arguments, testimony, documents, filings, and evidence presented at or in connection with the hearings held before the Bankruptcy Court on November 12, 2024, to consider confirmation of the Plan (the "Confirmation Hearing"); and

    f.    the entire record of the Debtor's chapter 11 case, as to which the Court takes judicial notice;

NOW, THEREFORE, it appearing to the Court that notice of the Confirmation Hearing and the opportunity for any party in interest to object to confirmation of the Plan having been adequate and appropriate as to all entities (as defined in Bankruptcy Code[1] § 101(15)) affected or to be affected by the Plan and the transactions contemplated thereby, and the legal and factual

---

[1] Unless otherwise noted, capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

bases set forth in the documents filed in support of confirmation of the Plan and presented at the Confirmation Hearing establish just cause for the relief granted herein, and after due deliberation thereon and good cause appearing therefor:

THE COURT HEREBY FINDS that the Plan complies with all applicable provisions of Bankruptcy Code § 1129; that the Debtor, as proponent of the Plan, has complied with all applicable provisions of the Bankruptcy Code; and that the Plan has been proposed in good faith and not by any means forbidden by law.

THE COURT FURTHER FINDS that pursuant to the Plan, holders of the following types of allowed claims against the Debtors shall be satisfied as follows:

> **Administrative Claims**. Except to the extent that a holder of a particular Allowed Administrative Claim has agreed, in writing, to alternative treatment, each holder of an Allowed Administrative Claim will receive cash from the Debtor equal to the amount of its Allowed Administrative Claim on the later of (a) the Effective Date or (b) the date such Allowed Administrative Claim becomes due according to the parties' normal business terms.
>
> **Class 1 Allowed Priority Claims**. The Debtor's books and records do not reflect any claims against the Debtor which may be entitled to allowance as a Priority Claim. Further, as of the date the Plan is proposed, none of the filed Proofs of Claim allege that they are entitled to priority under Bankruptcy Code § 507(a).
>
> **Class 2-A Allowed Secured Claim of Purchase Area Development District ("PADD")**. The holder of the Class 2A Claims shall retain its lien rights in the PADD Collateral in the same scope and priority as existed prior to the Petition Date until the Class 2A Claim is satisfied in accordance with the terms of the Plan.
>
> Following Confirmation, the co-obligors or guarantors, including but not limited to the LSK Parties, of the Debtor identified in the loan documents underlying the Class 2A Claim shall continue to make regularly scheduled payments to reduce the balance of the indebtedness in accordance with the obligations as existed on the Petition Date. Prior to the Effective Date, the holder of the Class 2A Claim shall execute an addendum to the parties' existing loan documents, in form and substance reasonably acceptable to the holder of the Class 2A Claim and co-obligors of the Class 2A Claim, which provides for the release and discharge of any claims for damages or charges arising directly from this Chapter 11 Case.
>
> **Class 2-B Allowed Secured Claim of Independence Bank of Kentucky**. The holder of the Class 2B Claims shall retain its lien rights in the Independence Bank

Collateral in the same scope and priority as existed prior to the Petition Date until the Class 2B Claim is satisfied in accordance with the terms of the Plan.

Following Confirmation, the co-obligors or guarantors, including but not limited to the LSK Parties, of the Debtor identified in the loan documents underlying the Class 2B Claim shall continue to make regularly scheduled payments to reduce the balance of the indebtedness in accordance with the obligations as existed on the Petition Date. Prior to the Effective Date, the holder of the Class 2B Claim shall execute an addendum to the parties' existing loan documents, in form and substance reasonably acceptable to the holder of the Class 2B Claim and co-obligors of the Class 2B Claim, which provides for the release and discharge of any claims for damages or charges arising directly from this Chapter 11 Case.

**Class 2-C Allowed Secured Claim of United Community Bank** The holder of the Class 2C Claims shall retain its lien rights in the UCB Collateral in the same scope and priority as existed prior to the Petition Date until the Class 2C Claim is satisfied.

Following Confirmation, the tenant and subtenant of the UCB Collateral shall continue making rent payments under applicable leases and/or subleases, which shall be paid directly to UCB and applied to the Class 2C Claim. The obligations of the UCB Guarantors (as defined in the UCB Addendum (defined below) under the Unlimited Guarantees (as defined in the UCB Addendum) in favor of the holder of the Class 2C Claims shall be unaffected by this Chapter 11 Case, the confirmation of the Plan or the occurrence of the Effective Date. On or before the Effective Date, the Debtor, the holder of the Class 2C Claim, and the UCB Guarantors shall execute the UCB Addendum which provides for the release and discharge of any claims for damages or charges arising directly from this Chapter 11 Case.

**Class 2-D Allowed Secured Claim of Tennessee Valley Authority**. The holder of the Class 2D Claims shall retain its lien rights in the TVA Collateral in the same scope and priority as existed prior to the Petition Date until the Class 2D Claim is satisfied.

Following Confirmation, the tenant and subtenant of the TVA Collateral shall continue making rent payments under applicable leases and/or subleases, which shall be paid directly to TVA and applied to the Class 2D Claim. The obligations of the TVA Guarantors (as defined in the TVA Addendum (defined below) under the Guarantees (as defined in the TVA Addendum) in favor of the holder of the Class 2D Claims shall be unaffected by this Chapter 11 Case, the confirmation of the Plan or the occurrence of the Effective Date. On or before to the Effective Date, the Debtor, TVA, and the TVA Guarantors shall execute the TVA Addendum which provides for the release and discharge of any claims for damages or charges arising directly from this Chapter 11 Case.

FIRM:65997182v8

**Class 3 Allowed Unsecured Claims**. Class 3 Claims are impaired. Each holder of a Class 3 Claim shall receive a one-time cash payment equal to the holder's Pro Rata share of the funds available for distribution among holders of Class 3 Claims from the IAMGC Creditor Trust. See Paragraph 4 of the *Agreed Order Modifying Debtor's Amended Plan of Reorganization* and Section 8.1 of the Plan for additional information concerning the Distributions to holders of Class 3 Claims, if any, shall be made as soon as practicable as the Trustee may determine in his/her/its sole discretion.

Upon the Effective Date, the Debtor, on its behalf and on behalf of the beneficiaries, shall execute the IAMGC Creditor Trust Agreement[2] and take all other necessary steps to (i) establish the IAMGC Creditor Trust, and (ii) transfer the following property to the Trust: (a) $150,000.00 payable in annual increments of $50,000.00 beginning 45 days after the Effective Date in resolution of all disputes regarding the LSK Property, (b) Avoidance Actions, (c) D&O causes of action[3], (d) the remaining balance of any distribution received from the Gencanna claim, and (e) all future distributions from the Gencanna claim.

Based on the foregoing findings of fact and conclusions of law, IT IS HEREBY ORDERED:

1. <u>Confirmation</u>. This Confirmation Order shall and does approve and confirm the Plan as set forth herein. The provisions of the Plan and this Confirmation Order, including the findings of fact and conclusions of law set forth herein are non-severable and mutually dependent.

2. <u>Objections</u>. All objections to Confirmation that have not been withdrawn, waived, or settled as set forth herein, and all reservations of rights included therein, are overruled on the merits for the reasons stated on the record by the Court at the Confirmation Hearing.

3. <u>Plan Classification Controlling</u>. The terms of the Plan shall solely govern the classification of Claims and interests for purposes of the distributions made thereunder.

4. <u>Exhibits; Modifications; References</u>. The Plan, including all exhibits and modifications, is approved and confirmed under Bankruptcy Code § 1129. The terms of the Plan,

---

[2] The IAMGC Creditor Trust Agreement will substantially conform to the document filed with the Agreed Order Modifying Debtor's Amended Plan of Reorganization [Doc. 334].
[3] The D&O causes of action against any former or current directors and officers of Debtor are solely to the extent of available insurance coverage pursuant to which the Debtor or Debtor's directors and officers may be insured.

FIRM:65997182v8

all exhibits thereto and any modifications thereof, are incorporated by reference into and are an integral part of this Confirmation Order. The failure to include or specifically reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision.

5. <u>Addendums</u>. The Addendums for Classes (2-A) through (2-D) are hereby incorporated herein as if fully stated and set forth in full. Class 2-A is the "<u>PADD Addendum</u>." Class 2-B is the "<u>Independence Bank Addendum</u>." Class 2-C is the "<u>UCB Addendum</u>." Class 2-D is the "<u>TVA Addendum</u>" and collectively with the PADD Addendum, Independence Bank Addendum, and UCB Addendum, the "<u>Addendums</u>."   The Plan is amended by the terms of the Addendums as set forth therein in each one and to the extent of an inconsistency herein, in the Plan or otherwise, the terms of the Addendums shall prevail in all respects. When executed by the parties thereto, the PADD Addendum shall be legal, valid, binding and enforceable against all parties thereto in accordance with its terms.  When executed by the parties thereto, the Independence Bank Addendum shall be legal, valid, binding, and enforceable against all parties thereto in accordance with its terms. When executed by the parties thereto, the TVA Addendum shall be legal, valid, binding and enforceable against all parties thereto in accordance with its terms. When executed by the parties thereto, the UCB Addendum shall be legal, valid, binding, and enforceable against all parties thereto in accordance with its terms.

    a. IT IS FURTHER ORDERED that notwithstanding any other provision herein or in the Plan, that certain Addendum to Loan Documents, dated as of XXXX __, 2024, among (a) Purchase Area Development District  Authority, a development district in the Commonwealth of Kentucky, (b) the Debtor, and (c) (1) CORY CROWLEY, a resident of the Commonwealth of Kentucky, (2) LISA CROWLEY, a resident of the Commonwealth of

Kentucky, and (3) LSK, Inc., , a Kentucky corporation, ((c)(1)-(3), the "PADD Guarantors") and this document, the "PADD Addendum") is hereby incorporated herein as if it were set forth in full.

      b.      IT IS FURTHER ORDERED that the Plan is amended by the terms of the PADD Addendum as set forth therein and to the extent of an inconsistency herein, in the Plan or otherwise, the terms of the PADD Addendum shall prevail in all respects.

      c.      IT IS FURTHER ORDERED that the PADD Addendum is legal, valid, binding and enforceable against all parties thereto in accordance with its terms.

      d.      IT IS FURTHER ORDERED that notwithstanding any other provision herein or in the Plan, that certain Addendum to Loan Documents, dated as of XXXX __, 2024, among (a) Purchase Area Development District Authority, a development district in the Commonwealth of Kentucky, (b) the Debtor, and (c) (1) CORY CROWLEY, a resident of the Commonwealth of Kentucky, (2) LISA CROWLEY, a resident of the Commonwealth of Kentucky, and (3) LSK, Inc., , a Kentucky corporation, ((c)(1)-(3), the "Independence Bank Guarantors") and this document, the "Independence Bank Addendum") is hereby incorporated herein as if it were set forth in full.

      e.      IT IS FURTHER ORDERED that the Plan is amended by the terms of the Independence Bank Addendum as set forth therein and to the extent of an inconsistency herein, in the Plan or otherwise, the terms of the Independence Bank Addendum shall prevail in all respects.

      f.      IT IS FURTHER ORDERED that the Independence Bank Addendum is legal, valid, binding and enforceable against all parties thereto in accordance with its terms.

FIRM:65997182v8

g. IT IS FURTHER ORDERED that notwithstanding any other provision herein or in the Plan, that certain Addendum to Loan Documents, dated as of October 17, 2024, among (a) United Community Bank, a Georgia banking corporation, (b) the Debtor, and (c)(1) Travis Propes, a resident of the State of South Carolina, (2) Troy Propes, a resident of the State of South Carolina, (3) Mayfield Consumer Products, LLC, a Kentucky limited liability company, (4) Van Deventer Family, LLC, a South Carolina limited liability company, (5) VDV Management Company, LLC, a South Carolina limited liability company, (6) Willow Street Trust Company of Wyoming, as Trustee of the Van Deventer Irrevocable Trust dated November 9, 2020, (7) MCP TN, LLC, a South Carolina limited liability company, (8) Mary Propes, a resident of the State of South Carolina, and (9) MCP AL, LLC, a South Carolina limited liability company ((c)(1)-(9), the "UCB Guarantors") and this document, the "UCB Addendum") is hereby incorporated herein as if it were set forth in full.

h. IT IS FURTHER ORDERED that the Plan is amended by the terms of the UCB Addendum as set forth therein and to the extent of an inconsistency herein, in the Plan or otherwise, the terms of the UCB Addendum shall prevail in all respects.

i. IT IS FURTHER ORDERED that the UCB Addendum is legal, valid, binding and enforceable against all parties thereto in accordance with its terms.

j. IT IS FURTHER ORDERED that any objection to the Plan filed by either United Community Bank or any of the UCB Guarantors is hereby deemed resolved by the execution of the UCB Addendum.

k. IT IS FURTHER ORDERED that notwithstanding any other provision herein or in the Plan, that certain Addendum to Loan Documents, dated as of XXXX __, 2024, among (a) Tennessee Valley Authority, a corporate agency and instrumentality of the United States

government, (b) the Debtor, and (c)(1) Travis Propes, a resident of the State of South Carolina, (2) Troy Propes, a resident of the State of South Carolina, (3) Mayfield Consumer Products, LLC, a Kentucky limited liability company, (4) Van Deventer Family, LLC, a South Carolina limited liability company, (5) VDV Management Company, LLC, a South Carolina limited liability company, (6) Willow Street Trust Company of Wyoming, as Trustee of the Van Deventer Irrevocable Trust dated November 9, 2020, and (7) MCP TN, LLC, a South Carolina limited liability company, ((c)(1)-(7), the "TVA Guarantors") and this document, the "TVA Addendum") is hereby incorporated herein as if it were set forth in full.

l. IT IS FURTHER ORDERED that the Plan is amended by the terms of the TVA Addendum as set forth therein and to the extent of an inconsistency herein, in the Plan or otherwise, the terms of the TVA Addendum shall prevail in all respects.

m. IT IS FURTHER ORDERED that when executed by the parties thereto the TVA Addendum is legal, valid, binding and enforceable against all parties thereto in accordance with its terms.

6. <u>Release of Claims and Controversies</u>. The *Agreed Order Modifying Debtor's Amended Plan of Reorganization* [Doc. 334] (the "<u>Agreed Order</u>"), the Addendums, and the revised Ballot for Accepting or Rejecting Plan and Release (the "<u>Accepting Ballots</u>," and together with the Agreed Order and Addendums, the "<u>Release Documents</u>") all provide evidence of parties' consent to the specific release language in Section 12.2 of the Plan. In the Agreed Order, Pinnacle, R.L. Craig, Jim Smith, Federal Materials, Murtco, Shawn Jones, D.C. Electric, and Mills Supply all evidence their consent to the releases provided for under Section 12 of the Plan as amended by the Agreed Order by signing the Agreed Order. The United Community Bank Addendum provides that United Community Bank, Travis Propes, Troy Propes, Mayfield Consumer Products, LLC,

8

Van Deventer Family, LLC, VDV Management Company, LLC, Willow Street Trust Company of Wyoming, as Trustee of the Van Deventer Irrevocable Trust dated November 9, 2020, MCP TN, LLC, Mary Propes, and MCP AL all confirm their consent to the releases described in Section 12 of the Plan. The TVA Addendum provides that the Tennessee Valley Authority, Travis Propes, Troy Propes, Mayfield Consumer Products, LLC, Van Deventer Family, LLC, VDV Management Company, LLC, Willow Street Trust Company of Wyoming, as Trustee of the Van Deventer Irrevocable Trust dated November 9, 2020, and MCP TN, LLC, all confirm their consent to the releases described in Section 12 of the Plan. The PADD Addendum provides that Purchase Area Development District Authority of Mayfield-Graves County, Cory Crowley, Lisa Crowley, and LSK, Inc., all confirm their consent to the releases described in Section 12 of the Plan. The Independence Bank Addendum provides that Independence Bank of Kentucky, Cory Crowley, Lisa Crowley, and LSK, Inc., all confirm their consent to the releases described in Section 12 of the Plan. The Accepting Ballots who marked the box accepting the releases described in Section 12 of the Plan have confirmed their consent to the releases described in Section 12 of the Plan. Accordingly, the releases described in Section 12 of the Plan are effective against those who acknowledged their consent in the Release Documents.

7.     <u>Vesting of Assets; Corporate Existence</u>. Except as otherwise provided in the Plan in Section 4, Section 5, Section 8.1 and Section 8.2 or this Confirmation Order, on and after the Effective Date all property of the Debtor's bankruptcy estate, not otherwise transferred to the Creditor Trust r shall vest in the Debtor free and clear of all Claims, liens, charges, other encumbrances, and interests. On and after the Effective Date, the Debtor may conduct its affairs and use, acquire, and dispose of property, and compromise or settle any Claims without supervision or approval by the Bankruptcy Court and free and clear of any restrictions of the

Bankruptcy Code or the Bankruptcy Rules, other than restrictions expressly imposed by the Plan or this Confirmation Order. Without limiting the foregoing, the Debtor may pay the charges it incurs on or after the Effective Date for professionals' fees, disbursements, expenses, or related support services without further application to the Bankruptcy Court. Except as otherwise provided in the Plan or this Confirmation Order, all cash necessary for the Debtor to make payments pursuant to the Plan may be obtained from existing cash balances, future income, or the sale or other liquidation of assets.

8.  <u>Estate Representative Status</u>. The Debtor shall be the "representative of the estate" under Bankruptcy Code § 1123(b)(3).

9.  <u>Effects of Confirmation; Successors and Assigns</u>. The Debtor is authorized to consummate the Plan after entry of this Confirmation Order, subject to Bankruptcy Rule 3020(e). Subject to the occurrence of the Effective Date, immediately upon the entry of this Confirmation Order, the terms of the Plan (including all Plan Modifications, Exhibits, and attachments thereto and all documents and agreements executed pursuant to the Plan) and this Confirmation Order shall be binding on: (a) the Debtor; (b) all holders of Claims against and interests in the Debtor; (c) any entity acquiring property under the Plan; (d) any other party in interest; (e) any person making an appearance in this bankruptcy case; (f) any person receiving notice of the Plan; and (g) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, and/or guardians. The Plan shall be binding upon and inure to the benefit of the Debtor and its successors and assigns. The rights, benefits, and obligations of any entity named or referred to in the Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor, or assign of such entity.

FIRM:65997182v8

10. <u>Insurance Policies</u>. Nothing in the Plan or this Confirmation Order shall diminish or impair the enforceability of any policies of insurance that may cover any claims against the Debtor or any other person.

11. <u>Discharge of Claims</u>. Except as otherwise provided in the Plan or this Confirmation Order, all consideration distributed or to be distributed under the Plan shall be in exchange for, and in complete satisfaction, settlement, discharge, and release of all Claims of any nature whatsoever against the Debtor or its estate, assets, property or interest in property. This Confirmation Order does not discharge any debt provided for in the Plan until the Court enters an order granting a discharge in accordance with Bankruptcy Code § 1141(d)(5).

12. <u>Continuing Stay</u>. All injunctions or stays provided for in this case under Bankruptcy Code §§ 105 or 362 or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.

13. <u>Governmental Approvals Not Required</u>. With the exception of any authorizations or consents that may be required by any applicable antitrust or merger control law, rule, or regulation, this Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan.

14. <u>Post-Confirmation Reporting; Payment of Fees</u>. Post-Confirmation, Debtor and the Creditor Trust shall each file quarterly post-confirmation reports (PCR) and each pay the U.S. Trustee's required statutory quarterly fee pursuant to 28 U.S.C. § 1930(a)(6) applicable to its

disbursements until one of the following occurs: (1) the date of the final decree; (2) the conversion of the case to a case under another chapter; or (3) dismissal of the case.

15. <u>Retention of Jurisdiction</u>. Pursuant to Bankruptcy Code §§ 105(a) and 1142, and notwithstanding entry of this Confirmation Order or the occurrence of the Effective Date, the Bankruptcy Court shall retain jurisdiction as provided in the Plan over all matters arising out of, arising in, and related to the Debtor's chapter 11 case and/or the Plan to the fullest extent permitted by law.

16. <u>Filing and Recording</u>. This Confirmation Order is and shall be binding upon and shall govern the acts of all entities, including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages and deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, and all other persons and entities who may be required by operation of law, the duties of their office, or contract to accept, file, register, or otherwise record or release any documents or instruments. Pursuant to Bankruptcy Code § 1146(a), each and every federal, state, and local governmental agency is hereby directed to accept any and all documents and instruments necessary, useful, or appropriate (including Uniform Commercial Code financing statements) to effectuate, implement, and consummate the transactions contemplated by the Plan and this Confirmation Order without payment of any recording tax, stamp tax, transfer tax, or similar tax imposed by federal, state, or local law.

17. <u>Notices</u>. The Debtor shall serve notice of entry of this Confirmation Order and occurrence of the Effective Date in accordance with Fed. R. Bankr. P. 2002 and 3020(c). The notice described herein is adequate under the circumstances of this chapter 11 case and no other or further notice is necessary.

FIRM:65997182v8

18.  <u>Final Order</u>. This Confirmation Order is a **final order** and the period in which an appeal must be filed shall commence upon the entry hereof.

SO ORDERED.

CHARITY S. BIRD
**Kaplan Johnson Abate & Bird LLP**
710 W. Main St., 4th Floor
Louisville, Kentucky 40202
Telephone: (502) 416-1630
cbird@kaplanjohnsonlaw.com

RYAN K. COCHRAN
**Epstein Becker & Green, P.C.**
1222 Demonbreun Street, Suite 1400
Nashville, TN 37203
Telephone: 615.564.6060
Email: rcochran@ebglaw.com

*Counsel for Debtor*

0155204.0777420   4855-9189-1192v1

_____
Alan C. Stout
United States Bankruptcy Judge

Dated: November 12, 2024

13

FIRM:65997182v8